# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket No. 2:14-cr-00120-NT |
| CRYSTAL PAGE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER OF REVOCATION AND DETENTION

This matter comes before the court on the Government's Ex Parte Motion to Revoke Bail and Motion for Warrant. (ECF No. 32). Magistrate Judge John H. Rich III granted the request for a warrant on December 23, 2014, and the Defendant was arrested and appeared before Judge Rich for an initial appearance on December 30, 2014. The Defendant was temporarily detained pending a detention hearing, held on January 6, 2015, pursuant to 18 U.S.C. § 3148.

## BACKGROUND

The Defendant had previously been released on $10,000 unsecured bond and an order dated October 15, 2014, setting conditions of release which included a requirement that the Defendant "not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner." (ECF No. 18). On December 15, 2014, the Defendant appeared before me and entered pleas of guilty to two counts of distributing heroin. Although the charges to which the Defendant plead guilty triggered the mandatory detention provisions of 18 U.S.C. § 3143(a)(2), I found that there existed exceptional reasons why detention pending sentencing would not be appropriate. *See* 18 U.S.C. § 3145(c).

I based that decision largely on the fact that the Defendant was making progress with her addiction, was attending treatment and support group meetings regularly, and had largely abstained from drug use while on pre-trial release. At her change of plea hearing, I was under the impression that the Defendant's last drug use was on or around October 31, 2014.

The Defendant, after being fully apprised of her rights, waived the detention hearing and admitted the conduct comprising the violations of her conditions of release. Specifically, she acknowledged that she had illegally used Percocet prior to a December 13, 2014 drug test. The results of that test were not known to the Government until December 19, 2014 when the United States Probation Office in the District of New Hampshire received the lab results.

The United States Probation Officer in Maine required the Defendant to provide a urine sample that same day. The test returned a positive result for the presence of oxymorphone. The Defendant admitted to two uses of Percocet – once just prior to the December 13, 2014 test and again on about December 17, 2014.

**ANALYSIS**

I. **Whether the Defendant Violated a Condition of Release**

Based on the Defendant's admissions of drug use, I find that there is clear and convincing evidence that the Defendant violated the condition of release that she not use or unlawfully possess a narcotic drug or other controlled substance. 18 U.S.C. 3148(b)(1)(A) & (B).

## II. Whether the Defendant May be Released on Conditions

As set forth below, the factors set forth in 18 U.S.C. §3142(g) govern the Court's analysis as to whether any condition or combination of conditions would assure that the Defendant does not pose a danger to the community. There is no concern in this case that the Defendant presents a risk of flight, so the Court will not address the factors pertaining to that analysis.

### A. The Nature and Circumstances of the Offense

The Defendant has been adjudged guilty of two counts of distribution of heroin. Both incidents took place in September of 2014.

### B. The Weight of the Evidence

The Defendant has already pleaded guilty to the charged offense. At the Defendant's plea hearing, she admitted to the factual basis for her pleas and her attorney conceded that the Government had evidence beyond a reasonable doubt that the Defendant committed the crimes charged.

### C. The History and Characteristics of the Defendant

What is most pertinent to the Court's determination is the Defendant's past history relating to drug abuse. The Defendant admitted in her initial bail interview that she had been using up to one gram of heroin intravenously daily at the time of her arrest. She admitted injecting one-half gram of heroin the day before her arrest and presented at her pretrial interview with symptoms of withdrawal.

At the time of her plea hearing, the Defendant had been involved in treatment and was attending support meetings. However, it is now apparent that the Defendant was also actively using opiates both before and after the plea hearing.

### D. The Nature and Seriousness of the Danger to the Community

The Defendant's past use of opiates, as recently as December 17, 2014, suggests that she has continued to engage in transactions with drug dealers even while on release. In addition to the danger a drug-impaired individual poses to the community, continued use of illegal controlled substances necessarily puts the Defendant in contact with a criminal element.

### E. Balancing the Factors

Based on the above considerations, the Court finds that the Defendant has not met her burden of showing that there are conditions or a combination of conditions that will reasonable assure the safety of persons in the community.

## CONCLUSION

For the above reasons, the Court **GRANTS** the Government's Motion for Revocation. The Defendant is committed to the custody of the Attorney General. The Court recommends that the Defendant be considered for any drug treatment program offered by the facility where she is incarcerated pending sentence. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 7th day of January, 2015.